**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12927

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEREMIAH TRAVIS, III,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:06-cr-00296-WMR-CCH-1

————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

2                    Opinion of the Court                    25-12927

PER CURIAM:

Jeremiah Travis III was convicted by a federal jury on one count of bank robbery,[1] eight counts of Hobbs Act Robbery,[2] and nine counts of possession of a firearm in relation to a crime of violence.[3] He was sentenced to 2,672 months' imprisonment. Travis appealed, and this Court affirmed. *United v. Jeremiah Travis, III*, 311 F. App'x 305 (11th Cir. 2009). Since then, Travis has filed numerous motions seeking a sentence reduction.

Of particular note, Travis moved the District Court in January 2021 for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. Travis argued that he presented an "extraordinary and compelling reason[]" for a sentencing reduction because the First Step Act eliminated the mandatory 25-year minimum stacked sentences for successive § 924(c) convictions, which he was subject to at the time of his 2007 sentencing. Whereas Travis received 2,484 months' imprisonment for his nine § 924(c) convictions, he would only receive 756 months' imprisonment if he were sentenced today.[4]

---

[1] *See* 18 U.S.C. § 2113.

[2] *See* 18 U.S.C. § 1951.

[3] *See* 18 U.S.C. § 924(c).

[4] Travis also argued that his family circumstances, including the passing of his father and his mother's health problems, warranted compassionate release.

25-12927                    Opinion of the Court                    3

The District Court denied Travis' petition in July 2021.[5] But Travis pressed onward. Travis filed a motion for reconsideration, which the District Court denied in September 2021. Travis then filed a notice of appeal in January 2022, which this Court dismissed as untimely. Travis then filed a second motion for reconsideration in January 2024, which the District Court denied in May 2024. Finally, Travis filed a motion for relief from judgment under Federal Rule of Civil Procedure 60.[6] The District Court denied that motion, and Travis now appeals.

⋆          ⋆          ⋆

---

[5] The District Court was bound to do so. At the time, this Court's opinion in *United States v. Bryant* precluded Travis' argument in full. 996 F.3d 1243 (11th Cir. 2021). To be sure, 2023 updated guidance from the United States Sentencing Commission *initially appeared* to supersede *Bryant*. *See* U.S. Sent'g Guidelines Manual App. C, Amend. 814 (U.S. Sent'g Comm'n 2025) ("If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason[.]"). But the Supreme Court recently held that updated guidance to be in conflict with the plain text of § 3582(c)(1)(A). *Rutherford v. United States*, 608 U.S. __, __, 146 S. Ct. 1320, 1335 ("The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid."). In sum, Travis would fare no better if his compassionate relief petition were filed today. *See id.*

[6] Travis also filed a related "Motion to Compel." There, he adds additional arguments to his Rule 60 motion. But these additional arguments cannot cure that motion's procedural defects.

4                    Opinion of the Court                    25-12927

There are two ways to interpret Travis' appeal. Neither allows us to grant relief.

First, to the extent Travis appeals the District Court's denial of his Rule 60 motion, the appeal lacks merit. Rule 60 does not provide a vehicle for relief from a judgment in a criminal case, so the District Court correctly denied it. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2).").[7]

Second, to the extent Travis appeals any of the following—(1) his denied § 3282(c)(1)(A) motion for compassionate release, (2) his denied motion for reconsideration of the District Court's denial of his motion for compassionate release, or (3) his second denied motion for reconsideration of the District Court's denial of his motion for compassionate release—his appeal is untimely. Federal Rule of Appellate Procedure 4(b) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). Here, Travis filed his notice of appeal on August 20, 2025, more than a year after his second motion for recon-

---

[7] While *Fair* addressed a motion under § 3582(c)(2), we see no reason its holding would not extend to motions under § 3581(c)(1).

25-12927                Opinion of the Court                5

sideration was denied. Thus, regardless of which order Travis appeals, it is untimely.[8]

⋆          ⋆          ⋆

For the foregoing reasons, Travis' appeal is **DISMISSED IN PART AS UNTIMELY**, and the District Court's order is **AFFIRMED IN PART.**

---

[8] Although Rule 4(b)(1)(A)'s 14-day time limit is not jurisdictional in criminal cases, this Court gives the Rule full effect when, as here, the Government raises the timeliness issue on appeal. *See United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).